OPINION
Appointed counsel Carol L. Damrauer has submitted a request to withdraw pursuant to Anders v. California (1967),386 U.S. 738. In support of her request, counsel for appellant states that, after reviewing the record of proceedings in the trial court, she was unable to find any meritorious, appealable issues. Counsel for appellant does, however, set forth the following potential assignments of error:
"FIRST ASSIGNMENT OF ERROR
 "WHETHER PURSUANT TO OHIO LAW AND THE UNITED STATES CONSTITUTION, THE DEFENDANT-APPELLANT'S CONVICTION IS SUPPORTED BY SUFFICIENT PROOF OF GUILT AS TO EACH ESSENTIAL ELEMENT OF THE OFFENSE CHARGED.
"SECOND ASSIGNMENT OF ERROR
 "WHETHER DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL, IN VIOLATION OF HIS SIXTH AMENDMENT RIGHTS."
Anders, supra, and State v. Duncan (1978), 57 Ohio App.2d 93
set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In Anders, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. Id. at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
In the case before us, appointed counsel for appellant has satisfied the requirements set forth in Anders, supra. This court notes further that appellant has not filed a pro se brief or otherwise responded to counsel's request to withdraw. Accordingly, this court shall proceed with an examination of the potential assignments of error set forth by counsel for appellant and the entire record below to determine if this appeal lacks merit and is, therefore, wholly frivolous.
The facts relevant to this appeal are as follows. On May 22, 1996, appellant and John Allen became involved in an argument that had arisen between appellant's sister and Allen's wife. The situation deteriorated and appellant stabbed Allen with a knife. As a result of the incident, on January 28, 1997, appellant was indicted on one count of felonious assault in violation of R.C. 2903.11(A)(2). Trial by jury began on April 23, 1997, and on April 24, 1997, the jury returned a verdict of guilty of the lesser included offense of aggravated assault.
The first potential assignment of error raises the issue of whether the conviction is supported by sufficient proof of guilt as to each essential element of the offense charged. Weight of the evidence indicates that the greater amount of credible evidence supports one side of an issue more than the other. Statev. Thompkins (1977), 78 Ohio St.3d 380, 387, quoting Black's Law Dictionary (6 Ed. 1990) 1594. The Ohio Supreme Court has defined the standard applied to determine whether a criminal conviction is against the manifest weight of the evidence:
 "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." Id. at 388, citing Tibbs v. Florida (1982), 457 U.S. 31, 42.
To determine whether this is an exceptional case where the evidence weighs heavily against conviction, an appellate court must review the record, weigh the evidence and all reasonable inferences, and consider the credibility of witnesses. Id., quoting State v. Martin (1983), 20 Ohio App.3d 172, 175. Only if we conclude that the jury clearly lost its way in resolving conflicts in evidence and created a manifest miscarriage of justice will we reverse the conviction and order a new trial. Id.
We have thoroughly reviewed the evidence in this case and find no indication that the jury lost its way or created a manifest miscarriage of justice by finding appellant guilty of aggravated assault. Accordingly, appellant's first potential assignment of error is without merit.
The second potential assignment of error raises the issue of whether appellant was denied effective assistance of counsel at trial. The standard to be applied to claims of ineffective assistance of counsel is whether the defendant has shown that: (1) trial counsel's performance was deficient, and (2) counsel's deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. Strickland v. Washington
(1984), 466 U.S. 668, 687. To prevail on a claim of ineffective assistance of counsel, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. Id. at 689.
Appellate counsel states in her brief that she could find nothing in the record to support a claim of ineffective assistance of trial counsel. This court has thoroughly reviewed the record and, upon consideration of the foregoing, we find that there is no indication that appellant was deprived of effective assistance of counsel and his second potential assignment of error is without merit.
Upon our own independent review of the record, we find no other grounds for a meritorious appeal. Accordingly, this appeal is found to be without merit and wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted. The decision of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
 Melvin L. Resnick, J.
 James R. Sherck, J.
 Richard W. Knepper, J.
CONCUR.